IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PABLO CENICEROS-DELEON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:23-CV-2122-K |
| | § | (CRIMINAL NO. 3:18-CR-406-K-4) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Before the court is Movant Pablo Ceniceros-Deleon's ("Ceniceros-Deleon's") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review, the motion is **DENIED**.

I.   BACKGROUND

On September 14, 2018, Ceniceros-Deleon was charged as a juvenile in an eight-count information that included four hate crime counts, two carjacking counts, and two counts of using, carrying, and brandishing a firearm in furtherance of a crime of violence. The government filed a motion to transfer the case to district court for prosecution as an adult. Ceniceros-Deleon later filed his own motion to be treated as an adult, which was granted, the Court finding that he was fully competent and capable of so proceeding. On the day that ruling was made, on December 12, 2019, Ceniceros-Deleon was named in a three-count information charging him as an adult in count one with hate crimes and aiding and abetting, in violation of 18 U.S.C. §§ 249(a)(2) and 2, in count two with carjacking and aiding and abetting, in violation of 18 U.S.C.

§§ 2119 and 2, and in count three with using, carrying, and brandishing a firearm during and in relation to, and possessing and brandishing a firearm in furtherance of, a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. Crim. Doc. 112. Ceniceros-Deleon entered into a plea agreement pursuant to which he agreed to plead guilty to the offenses charged in the information and the government agreed not to bring any additional charges against him based on the conduct underlying and related to the guilty plea. Crim. Doc. 114. The plea agreement set forth the penalties Ceniceros-Deleon faced, stated that the plea was freely and voluntarily made and not the result of force, threats, or promises, that Ceniceros-Deleon waived his right to appeal or otherwise challenge his conviction and sentence except in certain limited circumstances, and that Ceniceros-Deleon had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with his representation. *Id.* Ceniceros-Deleon also signed a factual resume setting forth the elements of the offenses to which he was pleading guilty and the stipulated facts establishing that he had committed each of those offenses. Crim. Doc. 116. At arraignment, Ceniceros-Deleon testified under oath that: he communicated in English and Spanish with counsel and understood "very well" everything pertaining to the proceedings against him; he had discussed the sentencing guidelines with counsel but understood that it was within the Court's discretion to impose the sentence; he understood the charges against him; he waived his right to indictment; he understood

2

the essential elements of the charges against him and he committed each of them; he was fully satisfied with the representation and advice received from counsel; he signed the plea agreement and understood all of its terms; he had agreed with the government that the appropriate term of imprisonment in his case would be 300 months; he understood and voluntarily waived his right to appeal or otherwise challenge his sentence except in the circumstances set forth in the plea agreement; no one had promised him anything to secure his plea; he understood the penalties he faced; he understood everything in the factual resume before signing it and the stipulated facts were true. Crim. Doc. 190. At the conclusion of the hearing, the government moved to dismiss the juvenile information in Case No. 3:18-CR-468-K that had been filed against Ceniceros-Deleon. *Id.* at 32–33.

The probation officer prepared the presentence report ("PSR"), which reflected that Ceniceros-Deleon's combined adjusted offense level was 45. Crim. Doc. 134, ¶ 45. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 47, 48. Based on a total offense level of 42 and a criminal history category of I, his guideline imprisonment range was 360 months to life. *Id.* ¶ 97. He was also subject to a mandatory minimum sentence of 84 months to run consecutively to any other sentence. *Id.*

The Court sentenced Ceniceros-Deleon to terms of imprisonment of 180 months as to each of counts 1 and 2, to run concurrently, and 84 months as to count

3

3, to run consecutively to counts 1 and 2, for a total aggregate sentence of 264 months. Crim. Doc. 182. Ceniceros-Deleon filed a motion for new trial, alleging that the plea of guilty was not knowing, voluntary, and intelligent. Crim. Doc. 186. The government filed a response. Crim. Doc. 193. The Court denied the motion. Crim. Doc. 196. Ceniceros-Deleon filed a notice of appeal from the judgment and sentence. Crim. Doc. 199. The United States Court of Appeals for the Fifth Circuit determined that the appeal was really from the denial of the motion for new trial and that Ceniceros-Deleon had not shown that the district court erred in denying relief. *United States v. Ceniceros-Deleon*, No. 21-10852, 2022 WL 4494116 (5th Cir. Sept. 27, 2022).

Ceniceros-Deleon timely filed his motion under Section 2255, asserting two grounds in support. Civ. Doc. 1. The government opposes relief. Civ. Doc. 5.

## II.   ANALYSIS

In his first ground, Ceniceros-Deleon alleges that his plea was unlawfully induced or not made voluntarily or with understanding of the charge and consequences of the plea. Civ. Doc. 1 at 7. In his second ground, he alleges that he received ineffective assistance of counsel. *Id.* The supporting facts are the same for each ground, consisting of paragraphs copied from the motion for new trial. *Id.* at 7, 13–15. To establish these claims of ineffective assistance, Ceniceros-Deleon must show: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's conduct the result of the proceedings

would have been different. *Strickland v. Washington*, 466 U.S. 668, 6888, 694 (1984). Conclusory allegations of ineffective assistance are insufficient to raise a constitutional issue. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

As the Court implicitly determined in denying the motion for new trial, Ceniceros-Deleon's plea was knowing, voluntary, and informed. He testified at the proceedings in this case and in the underlying juvenile case to facts making it clear that he understood "very well" everything pertaining to the proceedings against him in both the juvenile and adult cases. Crim. Doc. 190 at 4. *See also* Crim. Doc. 193; Civ. Doc. 5 at 12–13 (citing record references). The record reflects that Ceniceros-Deleon read every document before he signed it and understood what he was doing. *See id.* His "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). In addition, his factual resume and plea agreement are entitled to a presumption of regularity and carry great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Those documents reflect that Ceniceros-Deleon understood the charges against him, the penalties he faced, and what he was doing in entering into the plea agreement. The plea was not induced by force, threats, or promises.

To be clear, the plea agreement set forth that the parties agreed that the appropriate total term of imprisonment would not exceed 300 months. Crim. Doc. 114, ¶ 5. Nevertheless, to the extent Ceniceros-Deleon seems to be alleging that he

5

thought "he could possibly be home in 2024," Civ. Doc. 1 at 15, his mere subjective understanding as to what his sentence would be does not render his plea involuntary. *Spinelli v. Collins*, 992 F.2d 559, 561–62 (5th Cir. 1993). Nor is it rendered involuntary because of a misunderstanding based on counsel's inaccurate prediction that a lesser sentence would be imposed. *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989; *United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987).

Even if Ceniceros-Deleon could show that his counsel's conduct fell below an objective standard of reasonableness, and he cannot, he has made no attempt to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). His failure to do so is fatal to his claims. *See United States v. Batamula*, 823 F.3d 237, 240 (5th Cir. 2016) (en banc) (movant must allege a nonfrivolous prejudice claim, i.e., he must show that going to trial would have given him a reasonable chance of obtaining a more favorable result). The PSR reflects that Ceniceros-Deleon benefitted greatly from the plea agreement, facing an agreed term of no more than 300 months instead of a guideline imprisonment term of life. Crim. Doc. 134, ¶¶ 98–100.

Finally, to the extent he complains about an alleged delay in his receiving the PSR or counsel's failure to file corrections to the PSR, Ceniceros-Deleon fails to show any harm as a result. It appears that he wanted to correct the PSR to reflect that he had attended school until the ninth, rather than seventh, grade. Crim. Doc. 186-1. In

addition, he admitted he had "put a gun" at one victim but denied physically harming anyone else. *Id.* He fails to explain why this information would have made any difference to the outcome.

## III. CONCLUSION

Accordingly, the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

SO ORDERED.

Signed August 13th, 2024.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE